GRAY *v.* FELTS

No. 41895 June 12, 1961 131 So. 2d 454

*Harty & Kimble,* Greenville, for appellant.

*Farish, Keady & Campbell,* Greenville, for appellees.

ARRINGTON, J.

Mary Ethel Gray, a minor, by Velma Chapman, next friend, brought this suit in the Circuit Court of Washington County against Patricia Felts for injuries received by her as the result of being struck by an automobile driven by Patricia Felts at the intersection of Main and Theobald Streets in the City of Greenville. From a jury verdict and judgment for defendant, the appellant appeals.

The record discloses that on November 28, 1957, the appellant, who was then twelve years of age, in company with six other persons, was walking home after having been to a picture show. They reached the intersection of Theobald Street, which runs north and south, and Main Street, which runs east and west, where there is an electric traffic light. The group was walking down the west side of Theobald Street and when they reached the intersection some crossed safely over to the other side. The appellant was following and was in the pedestrian's lane and was almost across the street when she was struck by the automobile operated by appellee.

The declaration charged that the appellee was operating the automobile at an excessive rate of speed and in a reckless manner, and without keeping a proper lookout. The appellee, in her answer, entered a general denial of these allegations and affirmatively charged that the sole and proximate cause of the accident was due to the negligence of appellant in that she suddenly and without warning ran into the front of the automobile operated by the appellee who had no opportunity to avoid striking appellant. The evidence shows that the appellant was seriously and permanently injured, and due to her injuries, was unable to testify. It was stipulated that over $3,000 had been spent for hospital, doctors, and other expenses incident to her injuries. The speed limit on the street in question was 25 miles per hour. The accident was investigated by officers of the City of Greenville.

One Barnett testified that the accident occurred about 5:30 P.M. and that the skid marks of the automobile started 15 feet west of the pedestrian lane and extended for a length of 120 feet. This was the result of a measurement of the skid marks by him. Officer Minton made some photographs of the scene which were introduced in evidence. He also testified as to the skid marks made by the automobile and that the skid marks were continuous from the start to the car operated by appellee which was parked across the intersection on the southeast side of Main Street.

The appellee testified that she was traveling east on Main Street and that when she approached the intersection of Theobald Street, the light was green and she was traveling approximately 20 miles per hour; that she saw nothing in the street ahead until there was "a quick, jerky movement" and it appeared to her that it was coming from north to south; that she applied her brakes at the same time, or maybe a split second there-

after; that she felt a "thud" against her car, but did not know what she had struck.

Corrine Booker, one of the members of the group, testified that the appellant was walking ahead of her and that she was walking across the intersection; that she did not run until someone hollered; that she was almost on the other side when the car hit her. She also testified to parked cars on the north side of Main Street close to the Greenville Hotel. Several of the witnesses testified with reference to changes in the traffic light. However, from the record it is not clear as to what direction the lights were flashing. Also the width of Main Street is not shown in the record, but from the photographs introduced in evidence, it appears to be a wide street.

 The appellant assigns as error and argues that the court erred in granting Instruction No. 6 for the appellee, which is as follows:

"The Court instructs the jury for the defendant that if you believe from the evidence defendant was operating her automobile in a cautious and prudent manner, proceeding east on Main Street in her right lane of traffic and keeping a proper lookout for all persons and objects ahead of her on said street; that, as she immediately approached the Theobald Street intersection, the street signal light was green for traffic on Main Street, and if you further believe from the evidence that, as the defendant was about to enter said intersection, the plaintiff, Mary Ethel Gray, suddenly and without warning ran from behind a car parked on the north side of Main Street and directly into the path of defendant's vehicle; that defendant had no opportunity to see the plaintiff before she ran from behind the parked car and immediately on seeing her applied brakes and exerted every effort to avoid striking plaintiff but was unable to do so, notwithstanding the exercise of reasonable care under the

circumstances, it is your sworn duty to return a verdict in favor of the defendant.''

The appellant's criticism of this instruction, taken with the other instructions given in the case, is without merit; however, from a careful examination of this record, we are of the opinion that this instruction has no substantial support, nor is it based upon the evidence, particularly the part that ''the plaintiff, Mary Ethel Gray, suddenly and without warning ran from behind a parked car on the north side of Main Street and directly into the path of defendant's vehicle;''. There is some evidence in the record that she ran across the street, but we do not find any evidence that she ran from behind a parked car. Therefore, we think it was error to grant this instruction. Belk, et al. v. Rosamond, et al., 213 Miss. 633, 57 So. 2d 461.

 The appellant next argues that the verdict of the jury is contrary to the great weight of the evidence. We are of the opinion that this assignment is well taken. In the case of Belk v. Rosamond, supra, the Court held:

''The driver of an automobile on the public highway must keep a reasonable lookout for persons and objects in the line to be traversed. And the failure of a driver of an automobile to keep a proper lookout constitutes negligence. McDonald v. Moore, 159 Miss. 326, 131 So. 824; Graves v. Johnson, 179 Miss. 465, 176 So. 256. The driver of an automobile must keep his machine constantly under control. He must continue on the alert for pedestrians and others using the highway. Ulmer v. Pistole, 115 Miss. 485, 76 So. 522; 5 Am. Jur., p. 598, Automobiles, par. 166.''

 We have also held that a motorist is presumed to have seen what he should have seen. Lee v. Reynolds, 190 Miss. 692, 1 So. 2d 487; Robinson v. Colotta, 199 Miss. 800, 26 So. 2d 66.

In Williams v. Hood, 237 Miss. 355, 114 So. 2d 854, this Court said:

"The question raised by this appeal is whether the verdict and judgment for defendant Hood is contrary to the overwhelming weight of the evidence.

"A jury trial affords the best means of settling disputed questions of fact in cases of this kind, and the power of a court to set aside the verdict of the jury and grant a new trial on the ground that the verdict of the jury is contrary to the weight of the evidence should be exercised by the court with the utmost care. But the power and duty of the court to review the evidence and set aside the verdict of the jury on the ground that the verdict is against the overwhelming weight of the evidence is a necessary incident to the right of trial by jury. Beard v. Williams, 172 Miss. 880, 161 So. 750; Belk v. Rosamond, 213 Miss. 633, 57 So. 2d 461."

■■ The jury was justified in finding that appellee had the green light at the intersection in question, but this did not relieve appellee of the duty to keep a lookout for pedestrians using the crosswalk, and it did not relieve appellee of the duty to maintain control of her vehicle. ■■ Appellant had crossed from the north to near the south side of the street as appellee approached the intersection, but appellee testified that she did not see appellant and did not know of the presence of appellant in the street until she felt a thud against her automobile. If appellee had been keeping a lookout she would necessarily have seen appellee as the latter travelled nearly the entire width of the street as appellee made her approach. We think a finding to the contrary is agasinst the great weight of the evidence.

■■ The effect of appellee's testimony is that she was driving at a reasonable and lawful speed and had her automobile under proper control; but the physical facts showed that her automobile skidded 120 feet, beginning 15 feet west of the crosswalk or pedestrian lane. We are of the opinion that an automobile being driven in a careful and lawful manner under the circumstances

would not skid said distance, and that a finding to the contrary is against the overwhelming weight of the evidence.

Taking all the evidence in this case, together with the physical facts, we are of the opinion that the verdict of the jury is contrary to the overwhelming weight of the evidence. Belk v. Rosamond, supra; Williams v. Hood, supra; Pullin v. Nabors, 128 So. 2d 117 (Adv. Sheet No. 1). It follows that the judgment of the lower court is reversed and the cause remanded for a new trial.

Reversed and remanded.

*McGehee, C.J.,* and *Ethridge, Rodgers* and *Jones, JJ.,* concur.