220 So.2d 271 (1969)
Annette H. STEWART, Defendant/Appellant,
v.
Percy WHITE, Plaintiff/Appellee.
No. 45231.
Supreme Court of Mississippi.
March 10, 1969.
Sullivan, Dunbar & Smith, David Hunt, Clarksdale, for appellant.
Harvey T. Ross, Clarksdale, for appellee.
PATTERSON, Justice:
This is an appeal from a judgment on a jury verdict in the amount of $10,000 awarded to the plaintiff, Percy White, appellee here, in a personal injury suit tried in the Circuit Court of Coahoma County. We affirm the judgment of the lower court and write this opinion so that we may discuss an instruction, hereinafter detailed, which we observe is now used quite frequently as a general instruction without particular regard to the evidence adduced at trial. It is:
The Court instructs the jury for the plaintiff that it is the duty of any one to drive or operate a motor vehicle over and along any public highway at no greater rate of speed than is reasonable and prudent, having due regard to the traffic and use of the highway or so as to endanger the life and limb of any person; that the driver of a motor vehicle does not have the right to a clear and unobstructed highway, but must constantly keep the automobile being then and there driven by him under control, must continue on the alert, must keep a proper lookout ahead and anticipate the presence of other persons and vehicles upon said highway and must, at all times, drive his motor vehicle at such a rate of speed as to enable him to avoid injury to such persons, when they come or, by the exercise of ordinary care, would come within his vision or under his observation.
The appellant contends that this instruction is erroneous in that it is a "roving" instruction as it concerns itself abstractly with three areas of negligence, improper *272 speed, failure to have the vehicle under control, and improper lookout, without supporting evidence of any of them. She further contends the instruction advises the jury that the operator of a vehicle must at all times drive his motor vehicle at such a rate of speed as to enable him to avoid injury to anyone who might come within the vision of the operator. This in effect, she argues, makes the driver of a vehicle absolutely liable to anyone under any circumstances for any injury occasioned by the use of the automobile; in short, an insurer.
The appellee countered the criticism of this instruction by showing that it was taken verbatim from Williams v. Moses, 234 Miss. 453, 458, 106 So.2d 45, 47-48 (1958), from which case he quotes the following as being applicable here:
We think the plaintiff's instruction stated the correct rule which is applicable in cases of this kind. Almost this identical instruction was approved by this Court in the case of Hadad v. Lockeby, 176 Miss. 660, 668, 169 So. 691, and the rule announced therein is in line with many holdings of this Court. This instruction appears as Section 823 of Alexander's Mississippi Jury Instructions. Beginning with Ulmer v. Pistole, 115 Miss. 485, 76 So. 522, and continuing through a long line of cases this Court has adhered to the rule in the above plaintiff's instruction. * * *
He contends additionally that "speed" is basically motion and that the jury had the right to consider the speed of the appellant's automobile whether it was five, ten, or fifteen miles per hour at the particular time and place of the accident in determining whether or not speed was a factor in finding liability. He also argues that the long use of this instruction as set forth in Williams, supra, and its use in other cases, which has been approved by this Court, constitutes an approval of the same as being a correct statement of the duties owed to a pedestrian by the driver of a motor vehicle.
The record reflects that the plaintiff was injured at approximately 12:30 p.m. on May 16, 1967, as the result of being struck by the appellant's automobile as he attempted to cross Third Street in the city of Clarksdale. The day was clear and the pavement dry. The appellee attempted to cross Third Street at a point near the city hall when he was struck and injured. The accident occurred near the center of the block and not at an authorized intersection or crosswalk. The operator of the vehicle was driving at a speed not in excess of fifteen to twenty miles per hour. The greater weight of the testimony indicates that the left hood, or left front fender, of the car struck the plaintiff. The evidence is in conflict as to whether he stepped from in front of a car from which he had just alighted or whether he came to the rear of the car and out into the street. In either event it was necessary that he pass to the immediate front of the approaching vehicle and within clear vision of the defendant driver, as he was struck very near the center line of the street in the automobile's proper lane of traffic. The appellant stopped her automobile almost simultaneously with the impact, putting down no skid marks, evidencing the slow rate of speed at which the automobile was moving.
Third Street at the point of the accident is 42 feet wide, 21 feet for each traffic lane, with parking lanes measuring 7 feet on each side, thus leaving traffic lanes for east and westbound traffic of 14 feet each. The appellee, therefore, was either in view of the appellant for a distance of 21 feet as he came from behind the parked vehicle from which he had alighted, or a distance of 14 feet if he stepped into the traffic lane from the front portion of the vehicle. The evidence is in conflict as to whether the plaintiff entered the street at a very fast pace or whether he did so at a normal walking speed.
The instruction complained of has been approved by this Court in numerous other situations. It always evokes serious debate as to whether or not its use is warranted. *273 It was upheld in Walters v. Gilbert, 248 Miss. 77, 158 So.2d 43 (1963); it was distinguished in Phillips v. Dow Chemical Co., 247 Miss. 293, 151 So.2d 199 (1963); and Williams, supra, which sanctioned the instruction, was cited with approval in Layton v. Cook, 248 Miss. 690, 160 So.2d 685 (1964); Kettle v. Musser's Potato Chips, Inc., 249 Miss. 212, 162 So.2d 243 (1964); and Peel v. Gulf Transport Co., 252 Miss. 797, 174 So.2d 377 (1965). It is portrayed in 1 Alexander, Mississippi Jury Instructions, section 823 (1953) as being approved. The instruction is partially abstract in that it relates to speed and failure to have the vehicle under control when the evidence indicates that the cause of the accident was improper lookout on the part of the driver. In this regard as related to the facts of this case it is erroneous. It is further subject to criticism in that it virtually makes the operator absolutely liable to anyone under any circumstances for any injury occasioned by the use of the vehicle. The proper standard is the exercise of ordinary care on the part of the driver of an automobile to observe persons or objects within his traffic lane or in close proximity thereto, and to avoid injury to persons or property when they come within his vision or under his observation. Layton, supra, and Gray v. Felts, 241 Miss. 599, 131 So.2d 454 (1961).
This instruction has been approved from time to time by this Court under varying circumstances, and since this is so, we cannot say that the appellee's attorney was wrong in requesting it or that the trial judge erred in giving the same. We do criticize the instruction as being abstract and not related to the evidence. It permits the jury to rove the entire field of automobile negligence without regard to whether the negligence it might seize upon for a verdict was the proximate cause of the accident sued upon. We condemn the use of this instruction though it has been approved by this Court under many circumstances as applicable to all, or nearly all, automobile accidents. Its use should be restricted to the evidence in the individual case and its terms reduced to the particular theory of negligence arising from the evidence.
We are of the opinion, however, that its use here did not so becloud the issues as would require the cause to be reversed, as its use, with the other instructions, presented to the jury a fair statement of the law involved. We have considered the other assignments of error relating to other instructions and the evidence and are of the opinion they are without merit and that the cause should be affirmed.
Affirmed.
GILLESPIE, P.J., and RODGERS, JONES and ROBERTSON, JJ., concur.