PATTERSON, Justice:
This is an appeal by Roger Dempsey, plaintiff, from a judgment of the Circuit Court of Winston County in a personal injury suit wherein the jury found for the defendant, Mrs. Dorothy B. Knighton, ad-ministratrix of the estate of her deceased husband, Billy Gene Knighton. We reverse and remand because the lower court granted the defendant an instruction not supported by evidence and an erroneous “assumption of risk” instruction.
On June 28, 1968, Roger Dempsey, Jack Richardson, Billy Gene Knighton and Roy Knighton, the father of Billy Gene, planned a fishing trip to the Ross Barnett Reservoir in Madison County. Prior to their departure Roger Dempsey, Billy Gene Knighton and Roy Knighton each consumed a can of beer. Shortly thereafter, about 5:00 p. m., they departed Louisville for the reservoir in Roy Knighton’s station wagon which was driven by his son, Billy Gene. Enroute they stopped at a roadside store and purchased two cases of beer, one of which was composed of “king size” cans, the other glass quart bottles. Each of the individuals contributed to this purchase. The fishermen thereupon continued their journey toward the reservoir, tarrying once again to purchase bait for their lines and ice for the beer.
*722 After arriving at the reservoir they launched their boat, set out their lines, and returned to the launching area about dusk; whereupon, they got into the station wagon for the purpose of going to Pippin’s Store and Motel where they intended to obtain lodging for the night. Again, Billy Gene Knighton was the driver of the vehicle. His father, Roy Knighton, occupied the front seat with him. The rear seat was occupied by Richardson and Dempsey, Richardson on the left behind the driver of the vehicle, and Dempsey on the right. En-route to Pippin’s Motel on Mississippi Highway No. 43, according to the testimony of Roy Knighton, they overtook another vehicle and while passing it, the left wheels of their automobile went onto the left shoulder of the road and then the vehicle veered back across the road into the ditch on the opposite side, finally coming to a stop against a pile of dirt. This incident was described by the witness as follows:
A. Well, we went on up further up 43 there where we was going and we overtook another car, run up behind another car and we passed it and as we passed the car my son, Billy Gene Knighton, was driving and he run off the shoulder of the highway on the left side when he passed the car, but he pulled it back in and — well, we left the highway.
* * * * * *
Q. Where did it end up, Mr. Knigh-ton?
A. It ended up out there — it run into a pile of dirt, we hit a driveway that comes off 43 there first, I’ve been down there two or three times since, and it scooped up the dirt there where it hit that driveway and jumped over practically into the next row and then run on out there and run into a pile of dirt, buried up in it.
Q. Mr. Knighton, how fast was the automobile going the last that you remember ?
A. Between 70 and 80 miles an hour.
Q. Was any one interferring (sic) with Mr. Billy Gene Knighton’s driving of the automobile?
A. No, sir.
Q. Did he ever take his foot off of the accelerator?
A. No, sir.
Q. Did he ever put on the brakes?
A. No, sir.
The above constitutes the entirety of the direct evidence on the accident since Billy Gene Knighton was killed, Richardson was injured and has no recollection of the events after leaving the reservoir, and plaintiff was not offered as a witness (presumptively) because of Mississippi Code 1942 Annotated section 1690 (1956), the “dead man’s” statute.
The officers who removed the victims from the station wagon and who examined it in some detail, gave evidence that the vehicle struck the pile of dirt with great force, requiring that the front seat be pried backward so that the occupants might be removed; that several of the cans of beer were burst open by impact and there was a strong odor of beer in and around the car. It is noteworthy that none of the witnesses observed any quart-size glass bottles of beer in the wrecked vehicle or any broken glass therein, leaving an inference that it had been previously consumed. As mentioned, the jury returned a verdict for the defendant.
The primary assignments of error by the plaintiff are that the court erred in granting the following instructions for the defendant:
The Court instructs the jury that you may not return a verdict against Mrs. Dorothy Knighton, Administratrix, if you find from the evidence in this case that the collision in question resulted solely, directly and proximately from the negligence of a person other than Billy Gene Knighton, deceased.
*723 We are of the opinion this instruction was erroneously granted since it does not designate any person other than the driver who might be charged with negligence and neither does it state the alleged acts of negligence nor define them, thus leaving the jury to grope, without direction, for some unnamed person guilty of some unexplained action which the jury might in its own fashion consider to be negligence. Additionally, the record does not disclose any evidence to support the granting of this instruction. We therefore conclude that the lower court erred in granting it. Gray v. Felts, 241 Miss. 599, 131 So.2d 454 (1961) and Belk v. Rosamond, 213 Miss. 633, 57 So.2d 461 (1952).
The next instruction complained of by the plaintiff is:
The Court instructs the Jury for the Defendant, Mrs. Dorothy Knighton, Ad-ministratrix, that if you believe from the preponderance of the evidence in this case that the Plaintiff, Roger Dempsey and the other occupants of the vehicle, including the driver, on the occasion in question were under the influence of intoxicating alcohol or beer and that the said Plaintiff Roger Dempsey while riding as a passenger in said vehicle was participating with the other occupants of said vehicle in the excessive consumption of alcohol or beer, the Plaintiff, Roger Dempsey, was thereby guilty of negligence and thereby assumed the risk of riding in said vehicle and the consequences thereof, and if you further believe from the preponderance of the evidence in this case that this negligence, if any, of Roger Dempsey and the other occupants of said vehicle was the sole proximate cause of the accident complained of, then it is your sworn duty to find for the Defendant, Mrs. Dorothy Knighton, Administratrix.
This “assumption of risk” instruction is erroneous and prejudicial in that it omits the essential requirements that the plaintiff must know and appreciate the risk before he can assume it. See Griffin v. Holliday, 233 So.2d 820, 822 (Miss.1970), wherein we stated with regard to a somewhat similar situation the following:
Instruction Number Eight given on behalf of defendant informed the jury that the doctrine of assumption of risk “is in full force in the State of Mississippi.” The quoted portion has no proper place in an instruction. This instruction further told the jury that if plaintiff voluntarily or knowingly placed himself in defendant’s automobile when the defendant was intoxicated to the extent that it was an unsafe venture for plaintiff, then the plaintiff assumed the risk embraced in defendant’s intoxicated condition. This was error. Before the doctrine of assumption of risk applies the plaintiff must know and fully understand the risk he is incurring, and plaintiff’s choice to incur the risk must be free and voluntary. Crouch v. Miss. Power & Light Co., Miss., 193 So.2d 144 (1966); Saxton v. Rose, 201 Miss. 814, 29 So.2d 646 (1947). * * *
Granting this instruction was error and under the facts of this case there is great probability the plaintiff was prejudiced thereby since there is no evidence, an inference at most, that the driver of the automobile was intoxicated. In fact, to arrive at this conclusion necessitates the indulgence of three presumptions: First, that since the glass beer containers were not in the automobile, a presumption exists that their contents were consumed; second, that if the beer was consumed, then the presumption arises that the driver consumed a portion of the beer; and third, the presumption that he drank in such quantity that he became intoxicated. These presumptions are far short of knowledge and are not the proper basis for an assumption of risk instruction. We therefore reverse and remand for a new trial.
Reversed and remanded.
ETHRIDGE, C. J., and INZER, SMITH, and ROBERTSON, JJ., concur.