JONES, Justice:
This is a companion case to that of Dempsey v. Knighton, 244 So.2d 721 (Miss. 1971). The plaintiff here was in the car with Billy Gene Knighton when Billy Gene was killed and Dempsey injured. The facts regarding the accident are the same in this case as in the Dempsey case.
*847 The Dempsey case was reversed because the lower court granted two erroneous instructions to the defendant; the two instructions are copied in full in the opinion in the Dempsey case; and we are not restating them here. The identical instructions were given in this case, and a reversal is required thereby.
There is a third error assigned here, however. It is that the lower court erred in permitting the defendant to introduce the hospital record made at the University Hospital in Jackson, Mississippi, when the appellant was admitted there.
In order to understand this situation, we must give some of the facts. The accident occurred on June 28, 1968, about nine o’clock p.m. The plaintiff was first taken by ambulance to a hospital in Canton; and from there, he was carried to the University Hospital in Jackson, Mississippi, where he arrived sometime in the night of June 28 or the morning of the 29th. At this time, Dr. Griffin, the plaintiff’s physician who testified, had not been called into the case; and it was not until after the patient had left the University Hospital and had been placed in another hospital, that Dr. Griffin treated him. After Dr. Griffin had been subpoenaed as a witness in this case, he secured the University Hospital record. He was placed on the stand by the plaintiff, and he had the record in his possession at that time. On direct examination, he was asked what the diagnosis was on appellant’s first entry into the University Hospital. The doctor’s answer could only have come from said record. There was no objection by the plaintiff to Dr. Griffin’s having the record nor to his testimony as to the diagnosis at the time of appellant’s first entry into the hospital.
Later, the defendant undertook to introduce the University Hospital record, which showed some facts favorable to the defendant’s case. Plaintiff strenuously objected, saying that under sections 7146-52 to 7146-64, both inclusive, of the Mississippi Code of 1942 Annotated (1962) as amended by the Laws of 1962, Chapter 411, requiring the making and keeping of hospital records and governing access thereto, the patient-doctor privilege as to communications, was not abolished. This Act was discussed in some detail in City of Bay St. Louis v. Johnston, 222 So.2d 841 (Miss. 1969) and to a lesser degree in Judge Robertson’s dissenting opinion in Spears v. State, 241 So.2d 148 (Miss. 1970).
Of course, a patient can waive the privilege; and the circuit court held the privilege was waived here, when the patient put the doctor on the stand, the doctor at that time being in possession of the record which he had secured apparently for use in connection with his testimony. The doctor’s evidence indicated the record was used by him on the stand. At least the circuit judge was there listening and seeing and overruled the objections, saying the privilege was waived. We cannot say on this record that he was manifestly wrong.
Reversed and remanded for a new trial.
GILLESPIE, P. J., and BRADY, IN-ZER, and SUGG, JJ., concur.