INZER, Justice:
This is an appeal by Donna Stockton from a judgment of the Circuit Court of Alcorn County awarding appellee Sam M. Lamberth $10,000 as damages for personal injuries resulting from an automobile collision.
Appellee was injured on August 19, 1968, when a three-wheel vehicle, commonly called a mailster, that he was driving was struck by an automobile driven by appellant. The accident happened on Shiloh Road, also known as Seventh Street, in the City of Corinth. This street runs in an east-west direction and is a two lane street, with one lane for east-bound traffic and one lane for west-bound traffic. Appellee was proceeding east on this street delivering mail and when he made a left turn to enter a driveway on the north side of the street, the mailster was struck by a Buick automobile driven by appellant, who was preparing to pass the mailster.
Appellee testified that he was delivering mail and in doing so he drove into the driveways of the houses where he had mail to deliver. He had made a delivery at 1707 Shiloh Road and then drove his vehicle back on the street and proceeded east at about 10 to 15 miles per hour, intending to make a delivery at the house located at 1803 Shiloh Road. After travelling about fifty feet along the street, and when he was about 150 feet from the private driveway into which he intended to make the left turn, he looked into his rear view mirror and saw appellant’s car approaching from the rear over the crest of a hill. At that time, he turned on his blinker light signaling his intention to make a left turn. He continued to observe appellant’s approaching car until it was about 150 feet behind him. Although he realized it was travelling at a faster speed and was overtaking him, he did not look back anymore to see where the approaching car was before he turned his vehicle to the left. The mailster was struck by appellant’s car when the front of the vehicle was about two feet into the driveway. He stated on cross examination that in his estimation it was about fifteen seconds from the time he last looked back to see where the ap *425 proaching car was before he made his left turn, and he did not know where the approaching car was when he made the turn and did not see it before it struck his vehicle. He said he relied entirely upon his blinker light.
Appellant and the passenger in her car testified that she was proceeding east on the street about 25 to 30 miles per hour, and as she approached appellee’s vehicle she slowed down to about 10 to 15 miles per hour, and upon seeing that the street was clear of approaching traffic, she pulled into the left lane to pass the mail-ster. She increased her speed and when she was about even with the mailster, it suddenly turned left without giving any signal of its intention so to do, and although she applied her brakes and turned her vehicle to the left, she could not avoid colliding with the mailster.
The testimony is undisputed that appellant was in the passing lane at the time ap-pellee made his left turn, and her vehicle laid down about 45 feet of skid marks before it struck appellee’s vehicle. The skid marks angled to the north or left side of the street.
The right front of the car struck the left front of the mailster, and the force of the collision knocked the mailster into the air two or three feet causing it to overturn. It landed on the left side about the middle of the street and skidded off the edge of the pavement on the opposite side of the street. Appellant’s car traveled about 15 or 20 feet after the collision.
As a result of the collision, appellee was injured. His right ring finger, his second finger on the right hand, and his left elbow were cut, and he sustained shoulder and back injuries.
Insofar as liability is concerned, the only error assigned is that the trial court erred in granting appellee’s instructions No. 2 and 3 dealing with negligence. This case was tried prior to the effective date of Rule 42, Mississippi Supreme Court Rules (1971), requiring specific objections to instructions. Appellant contends that Instruction No. 2 is of the same type of instruction we condemned in Stewart v. White, 220 So.2d 271 (Miss.1969). It is contended that the evidence did not support any of the three acts of negligence charged and is a catch-all type of instruction. While Instruction No. 2 is of the same type instruction we condemned in Stewart v. White, supra, in that it is in the abstract and not wholly related to the evidence, we find here, as we did there, that the instruction did not so becloud the issue as to require a reversal of this case. We are of the opinion that when the two instructions complained of are read together with the other instructions, the jury was not misled as to the issues involved in this case. Furthermore, we cannot say from the whole record that the judgment in favor of ap-pellee resulted in a miscarriage of justice. Rule 11, Mississippi Supreme Court Rules (1967).
We are of the opinion that this case should be affirmed as to liability, but the most serious issue raised on this appeal deals with the question of damages. Appellant contends that the trial court was in error in refusing to grant her request for an instruction instructing the jury that ap-pellee was guilty of contributory negligence as a matter of law, and that the trial court was in error in overruling her motion for a new trial because the damages awarded by the jury were excessive.
We are of the opinion that appellant was entitled to the requested instruction because the uncontradicted testimony in this case established that appellee failed to comply with Section 8192, Mississippi Code 1942 Annotated (1956), in that he turned his vehicle from a direct course on the street without first ascertaining that the movement could be made with reasonable safety. This section required appellee not only to give a signal of his intention to turn, but also required him to ascertain whether the turn could be made with rea *426 sonable safety. He testified that he observed appellant’s approaching vehicle until it was about ISO feet behind him and although he realized it was travelling at a faster speed and overtaking him, he drove about fifteen seconds from the time he last looked before he made his left turn. He admitted that by merely glancing in his rear view mirror he could have ascertained the location of the appellant’s car before he began his left turn. He said he relied completely on his blinker signal to keep traffic behind him from coming around him. It is obvious from the testimony in this case, that had he looked in his rear view mirror he could have seen that appellant’s car was in the left lane preparing to pass. Inasmuch as appellee was guilty of contributory negligence, we are of the opinion that the verdict of the jury is excessive. Appellee made no claim for lost wages, loss of earning capacity, or medical expenses. His claim was for past and future pain and suffering resulting from his back injury. The evidence established that appellee had a pre-existing arthritic condition of the back from which he had suffered for several years. Dr. Maury Mc-Rae had treated appellee for several years and he testified that when he examined ap-pellee after the accident he found that he had a cut on his left elbow, the right ring finger, and the second finger. He was also complaining with his back. Four stitches were required to close the cuts on the fingers and eight stitches to close the cut on the elbow. These cuts healed in a normal manner. The doctor did not examine appellee’s back at this time but prescribed local therapy and antispasmodics. The back condition did not improve and on October 30, x-rays were made. These x-rays revealed that the arthritic fusion of L-2 and L-3 had been broken down by the accident. Appellee continued to suffer pain and the doctor continued to examine and treat him. On January 27, 1969, other x-rays were taken and there was no change. At that time appellee was suffering from severe pain in the left spinal lumbar region and dorsal spine with definite stiffness and muscle spasms which interfered with his walking and lifting. Dr. McRae made the last x-ray on March 26, 1971, the same day his deposition was taken. These x-rays revealed that appellee’s condition was better, but the crack in the old fusion had not completely fused. The doctor doubted that there would be a complete fusion at one particular joint. It was the doctor’s opinion that appellee would continue to suffer pain from this condition but when asked whether it would be permanent the doctor said:
That’s a question I can’t answer. Some of ’em if they get enough fibrosis and enough calcium deposit there where they fuse together, it’ll do away with his muscle spasm. He’s still got a muscle spasm of the erector spine.
On cross examination Dr. McRae testified that he had treated appellee for arthritic condition of the back since 1963 and this condition would be progressive and there was no known cure. During this period of time he had given appellee medication for pain, and after the accident he continued to give him the same treatment.
Appellee testified that after the accident he was unable to work for about two weeks and after returning to work he continued to have severe pain and was still suffering from pain at the time of the trial.
In the absence of contributory negligence on the part of appellee, we could not say that the verdict of the jury is so excessive as to evince bias, passion and prejudice. However, the amount of the verdict indicates that the jury failed to take into consideration the contributory negligence of appellee, and it is excessive. Therefore, we are of the opinion that this cause should be affirmed as to liability and reversed and remanded for another trial on the question of damages. However, since the reversible error in this case involves damages only, we are of the opinion that appellee should have the option of entering *427 a remittitur of $4,000 within ten days after the judgment here becomes final, in which event the judgment will be affirmed for $6,000; otherwise, the case will be reversed and remanded for a new trial on the question of damages only.
Affirmed on the condition of remittitur, otherwise reversed and remanded for a new trial on the issue of damages only.
GILLESPIE, C. J., and ROBERTSON, SUGG and BROOM, JJ., concur.