GILLESPIE, Chief Justice:
Mrs. Mary John Kimbrough sued The Lampton Company and its driver, Bucka-lew, in the Circuit Court of Jones County to recover for personal injuries sustained in a motor vehicle collision. The jury found for the defendant and Mrs. Kim-brough appealed to this Court.
Buckalew, driving Lampton’s truck south on Highway 28, approached the intersection with Highway 84 about the same time Mrs. Kimbrough approached the intersection traveling from the west on Highway 84. The vehicles collided, and Mrs. Kim-brough was injured. The evidence was *600 sharply conflicting, resulting in a serious factual issue for the jury. In our view of the case, the only question requiring discussion is whether the trial court erred in granting over plaintiff’s objection defendant’s instruction No. 9. The instruction stated:
[Tjhat the driver of a motor vehicle does not have the right to a clear and unobstructed highway, but must constantly keep the automobile being then and there driven by her under control, must continue on the alert, must keep a proper lookout ahead and anticipate the presence of other persons and vehicles upon said highway and must, at all times, drive her motor vehicle at such a rate of speed to enable her to avoid injury to such person, when they come, or by the exercise of ordinary care, would come within her vision or under her observation.
It instructed the jury to find for the defendant if Mrs. Kimbrough “failed to observe the aforesaid duties,” and if such failure, if any, was the sole cause of the accident.
Substantially the same instruction was disapproved in Stewart v. White, 220 So.2d 271 (Miss.1969), and held to be reversible error in Jones v. Phillips, 263 So.2d 759 (Miss.1972). The instruction complained of is erroneous for the reasons stated in the two cited cases, and we find it to be reversible error in the present case.
Reversed and remanded.
PATTERSON, SMITH, ROBERTSON and SUGG, JJ., concur.