BOWLING, Justice,
for the Court:
Appellant, Sallie Kennedy, filed her suit against appellee, Michael Reed, requesting damages for personal injuries and property damage growing out of a motor vehicle collision that occurred on September 25, 1979. The cause comes to this Court from the Circuit Court of Lauderdale County. There was a jury verdict for the defendant, Michael Reed. Sallie Kennedy appeals, alleging several assignments of error. One assignment requires the reversal of this cause and there is no need to discuss the other assignments. A brief review of the evidence regarding the facts of the collision is necessary. Other than the physical facts, the only testimony on the liability question was that of appellant and appellee.
The collision occurred on U. S. Highway 45 at approximately the northern city limits of Meridian, Mississippi. The highway is a main artery running from Meridian northward to Columbus and consists of one northbound lane and one southbound lane. Appellant, a woman in her mid fifties, was driving her car in a southerly direction from the Village of Marion, located north of Meridian, for the purpose of picking up her daughter who worked at a radio station on the east side of the highway. It was appellant’s regular practice to pick up her daughter when each got off from work in the afternoon.
Appellant testified that there is a “rise” in the highway approximately 400 feet north of the radio station driveway. Ne-well Road goes from Highway 45 at this “rise.” She stated that there was a truck traveling southward behind her vehicle but not in close proximity thereto. She testified that after she passed the “rise” in the road she put on her left blinker light and prepared to apply the brakes on her car to make the left turn. She looked in the rear-view mirror and saw the truck approaching the “rise” in the highway. After her signal lights were on and the brakes were being activated [according to her, the brake lights were working], she again looked in the rear-view mirror and saw what later was appel-lee’s ear at the side of the truck as if he were passing. Immediately after this second look, appellant looked toward the driveway and southward on the highway to be sure that nothing was in her way. She had pulled to the left lane, still with her signal lights and brake lights on, when suddenly her car was struck in the rear by appellee’s car.
Photographs of appellant’s car were introduced in evidence, which showed it was struck at the left rear. Both rear quarter panels were “crumpled.” There was extensive damage to the rear of appellant’s car, obviously revealing a rather severe blow. The car was knocked a distance below the driveway into which appellant was turning.
Appellant was subjected to extensive cross-examination in an effort to determine exactly how far appellee’s car was behind appellant’s car when she started to turn and when she last saw appellee’s ear. Appellant continued to insist that she could not say how far it was, but she finally conceded that the distance was approximately 275 feet.
Appellee testified that when he approached the rear of the truck, the latter was traveling about 45 miles per hour. He testified that he started past the truck, while going only 45 to 50 miles per hour. While he was passing the truck, he saw appellant’s vehicle, which was over the center line and partially in the left lane. It then returned to the right lane. He testified that he did not see any signal or brake lights. He further stated that he decided to go ahead and pass appellant’s vehicle and the truck but at this time appellant turned immediately in front of him. He attempted to testify as to why appellant’s vehicle was struck in the rear resulting in extensive damage to both the right and left quarter panels. His only explanation was that appellant’s vehicle was in the left lane while making its turn.
*482 Appellant assigns as error the court’s action in giving appellee the following instruction No. D-9:
You are instructed that Sallie Kennedy was guilty of negligence in failing to keep a reasonable lookout to the rear of her vehicle before beginning to turn from a direct course on the highway. If you believe that such negligence was the sole proximate cause of the accident and any injuries and damages of Sallie Kennedy then your verdict shall be for Michael Reed.
The jury’s verdict was as follows:
We, the jury, find for the defendant based on Instruction D-9.
It is readily seen that Instruction D-9 informed the jury by the court that appellant was guilty of negligence as a matter of law. The lower court and appellee here rely almost exclusively on the case of Stockton v. Lamberth, 278 So.2d 423 (Miss.1973), in justifying the granting of the above quoted instruction. In Stockton, there was a collision between a vehicle operated by plaintiff Lamberth and one operated by defendant Stockton. Lamberth’s vehicle was a three-wheeled “Mailster” which was used by him in mail delivery in the City of Corinth. The collision occurred on a city street. Lamberth had been going in and out of driveways on the street and was intending to turn left into another driveway. He testified that he was going about 10 to 15 miles per hour; that he looked in his rearview mirror when he was about 150 feet from the driveway and saw Stockton’s car approaching. At that time he turned on his turn signal. He continued to observe the approaching car until it was about 150 feet behind him. Upon reaching the driveway, he turned his vehicle in and the front of the Stockton car struck the left front of the Lamberth vehicle. He testified that it was at least 15 seconds after he saw the Stockton vehicle that he turned into the driveway.
The jury returned a verdict in the amount of $10,000. This Court ordered a remittitur of $4,000, or in the alternative a new trial on the issue of damages only, saying: “Lamberth was guilty of negligence in turning his vehicle from a direct course on the street without first ascertaining that the movement could be made with reasonable safety.”
In our opinion, the Stockton case does not apply to the testimony in the case before us to the extent that a peremptory instruction on the negligence of appellant was justified. It could be that from all the facts and circumstances appellant was guilty of negligence, but under the testimony as shown by this record, it was a question for the jury and not for an affirmative instruction by the court.
In Stockton, supra, the collision occurred on a city street and there was definite testimony by the plaintiff under which this Court had no choice but to hold that he was guilty of contributory negligence. We do not have such a situation in the present case. The collision occurred on a U. S. highway thoroughfare. The plaintiff had a right to make a left turn so long as she abided by the statutes and the duties as set out in case law. It is elemental that in considering this question we have to consider all testimony of appellant as true and give her the benefit of all reasonable inferences. She testified that as she went over the “rise” in the highway approximately 400 feet from the location of her proposed turn she activated her left turn directional signal lights. She then placed her foot on the brake which caused the brake lights to be activated. She already had looked in her rearview mirror and had seen the truck which was some distance behind her. As she approached the driveway, she again looked in the rearview mirror and at that time she saw appellee’s car by the side of the truck. She testified that she could not give the exact distance between her car and the truck, but after extensive cross-examination, she admitted that the car was approximately 275 feet behind her car. With her directional signal lights and brake lights still operating, she moved into the lefthand lane. She did not again look in her rear-view mirror as she was concentrating on her turn and was looking at the highway in *483 front of her. She had no reason to believe that appellee’s vehicle had reached the rear of her vehicle until she was suddenly struck from the rear with such force that her vehicle was knocked a considerable distance south of the driveway into which she was turning.
Courts, both trial and appellate, are reluctant to invade the province of a jury unless there is a clear requirement to do so. Mississippi Code Annotated section 11-7-17 (1972) states positively that “all questions of negligence and contributory negligence shall be for the jury to determine.” This rule of law clearly was set out in the case of DeLaughter v. Womack, 250 Miss. 190, 164 So.2d 762 (1964). The Court there said the following:
We are told that “Generally, whether a particular act constitutes negligence is a mixed question of law for the court and fact for the jury, and negligence eases in which a nonsuit may be allowed or a verdict may be directed are exceptional. On motion for nonsuit all conflicts in testimony, even those produced by a mathematical calculation to show that the plaintiff’s evidence that an object was not visible from a certain point was contrary to fact must be resolved in favor of the plaintiff. In many cases, the peremptory disposition of the cases has been held to constitute reversible error. A cause should never be withdrawn from the jury unless it appears as a matter of law that a recovery cannot be had upon any view of the facts which the evidence reasonably tends to establish. Nevertheless, there are instances in which the court can say that failure to act was negligence as matter of law, and others where it can say that such failure was not negligence, and between the extremes there is a zone in which the question must be submitted to the jury. As a general rule, the issue or issues of negligence and contributory negligence are to be determined by the jury, and ordinarily should not be disposed of by the court in a peremptory manner. 38 Am.Jur., Negligence, § 344, pp. 1041, 1042. (Emphasis added).
We find that the evidence and testimony presented by appellant was sufficient to withstand a peremptory instruction that she was negligent. As hereinbefore stated, the jury, according to its verdict, decided the case on this instruction.
We note that the defendant, in addition to Instruction D-9, secured other instructions leaving the question of negligence of appellant and appellee for the jury to determine. With those instructions and the peremptory instruction D-9, there was a strong probability that the jury would be confused because of conflicting instructions. See Griffin v. Fletcher, 362 So.2d 594 (Miss.1978). This could have been the reason the jury did not decide the case on the other instructions but insisted on informing the court that its decision was based on the court’s determination that appellant was guilty of negligence.
In our opinion, it is necessary to reverse the cause and remand it for another trial so that a jury may resolve the issue of negligence of the parties.
REVERSED AND REMANDED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and HAWKINS, JJ., concur.