DAN M. LEE, Presiding Justice,
for the Court:
Today’s appeal is from an adverse ruling of the Circuit Court of the First Judicial District of Hinds County, Mississippi, in the June 1986 term of court. The complaint by Henry Elam, Jr., and wife Connie for and on behalf of Henry Elam III sought damages arising out of a one-car accident in which Henry E. Elam III, a passenger in the vehicle owned by Billy M. Lee and driven by David Pilcher, was severely injured. The jury returned a verdict for the Elams in the sum of $37,500. The trial court, acting on a previous ruling dated September 25,1985, allowed credit of $100,-000 paid earlier by Commercial Union Insurance Company to the Elams for an on behalf of Billy M. Lee as satisfaction of the judgment.
Aggrieved by the lower court’s final order, the Elams appeal and assign as error:
I.Did the Trial Court Err in Not Adding an Additur or in the Alternative Granting Appellants a New Trial on the Issue of Damages where the Verdict was Grossly Inadequate and Insufficient to Compensate Appellants for the Damage Established by the Evidence?
II.Did the Trial Court Err in Granting Appellee’s Instruction on the Issue of Contributory Negligence when the Instruction did not Correctly State the Law and was not Supported by the Evidence and Refusing Appellant’s Instruction on the Issue of Drinking Alcohol when the Instruction was a Correct Statement of the Law and Warranted by the Evidence?
III. Did the Trial Court Err in Granting Clearly Conflicting Instructions Requiring Appellant to Prove Negligence by a Preponderance of the Evidence after Peremptorily Instructing the Jury that the Appellee was Negligent as a Matter of Law?
IV. Did the Trial Court Err in Granting Appellee Credit for Payments Made to Appellants by a Collateral Source and Not a Joint Tortfeasor?
*815 In addition to the errors assigned by the Elams, appellee David D. Pilcher files the following assignments of error, to-wit:
I.The Trial Court Erred in Denying Appellee’s Instruction D-14 and D-13 on Assumption of the Risk Because said Instructions were Warranted by the Evidence and Correct Statements of Law.
II.The Trial Court Erred in Refusing to Allow Evidence before the Jury of the $101,000 payment by Commercial Union Company to Appellants on behalf of the Appellee.
III. The Trial Court Erred in Refusing to Allow Dr. Arthur Hume, Qualified in Toxicology and Pharmacology, to Testify as to the Effects of a Blood/Alcohol Level of .20 on Ap-pellee.
IV. The Trial Court Erred in Refusing to Allow into Evidence the Testimony of Richard Cooper.
Finding merit in Appellants’ assignment of error number three, we reverse and remand for a new trial. We do not address the other errors assigned on direct appeal and affirm as to the cross-appeal.
STATEMENT OF THE FACTS
On the afternoon of Saturday, June 4, 1984, Henry E. Elam III (hereinafter Elam) telephoned David W. Pilcher (hereinafter Pilcher) at his parents’ home in Jackson, Mississippi, and suggested the two of them get together. Elam then talked with a girl named Denise Schaeffer.
At 8:00 o’clock p.m., Elam picked Pilcher up at his parents’ house and proceeded to the Super D Drug Store in Highland Village in Jackson, Mississippi. At the drug store, Elam purchased an unknown quantity of beer. The boys immediately began drinking the beer and proceeded to Pilcher’s apartment in Clinton.
Arriving at the apartment, Elam and Pilcher drank a few beers and watched television for about 30 minutes. At this time, Julie Lee (hereinafter Lee) and Denise Schaeffer (hereinafter Schaeffer) dropped by Pilcher’s apartment. Pilcher claims he did not know the girls were coming to his apartment. Each girl brought a partial bottle of intoxicating liquor, along with a cup containing some sort of mixed drink. The girls, needing something to mix their liquor with, wanted Elam and Pilcher to go with them to the Tote-Sum store to buy some Coke.
Upon returning from the store, Elam, Pilcher, Lee and Schaeffer began playing the game “quarters.” The game of “quarters” was played by placing liquor or beer in a cup on the coffee table and taking turns trying to bounce a quarter into the cup. If anyone missed the cup, they had to drink what was in the cup. If they bounced the quarter in the cup, they could make anyone else drink the liquor from the cup.
After playing the game of quarters, the group got into Julie Lee’s car, a 1981 Cutlass, and rode to the Margie Mart. At this time, Julie Lee was driving the automobile. When Pilcher and Lee came out of the Margie Mart, Pilcher, apparently at Lee’s request, got in the driver’s seat and the group headed back to Pilcher’s apartment. Travelling in an easterly direction on Arlington Street, Pilcher attempted to pass an automobile at an excessive rate of speed, and the Cutlass went out of control, left the road, and struck a tree. One of the occupants was killed and Henry Elam III was seriously injured.
The initial investigating officer, Charles Bullock, arrived at the scene before the occupants were pulled from the car and testified that he smelled a strong odor of alcohol upon initially looking in the car. Officer Bullock, seeing numerous Budweiser cans on the floorboard of the car, requested that a blood sample be taken from Pilcher. The sample was taken within approximately one hour of the accident, and was tested by the Jackson Crime Lab. The test results revealed that Pilcher had .20 grams ethyl alcohol per 100 milliliters or cubic centimeters of blood, or simply stated, a blood/alcohol reading of .20.
At the time of the accident, Billy Lee, father of Julie Lee and owner of the 1981 Cutlass, had in effect a master automobile *816 policy with Commercial Union Insurance Company (hereinafter Commercial Union). The policy provided $100,000 liability limits per person and a medical payment provision of $1,000. Commercial Union paid the Elams the policy limit for $100,000 on behalf of Billy Lee without suit being filed. An “Absolute Release with Covenants” was executed by the Elams with the express agreement, understanding and stipulation that the payment of this sum did not release or discharge Pilcher from any claims, right, demands or causes of action which the Elams had against Pilcher or any other persons, firms or corporations other than Billy Lee and Commercial Union.
The Elams filed suit against Pilcher seeking an award for personal injuries, expenses related to personal injuries and pain and suffering sustained in the. wreck. In due time a trial ensued and the jury returned a verdict for the Elams in the sum of $37,500. The trial court entered judgment for the plaintiff in the amount of $37,500, but allowed the $100,000 paid by Commercial Union to be credited against the judgment, thereby satisfying it in full. The Elams filed a motion for a new trial alleging error in the instruction of the jury and inadequacy of the damages awarded. Additionally, the Elams filed a motion for an additur or in the alternative a motion for a new trial on the issue of damages, and a motion for the court to vacate its ruling allowing Pilcher credit for the sum of $100,000 paid by Commercial Union under Billy Lee’s policy. All motions were overruled by the court and Elam perfected this appeal.
ANALYSIS
Did the Trial Court Err in Granting Clearly Conflicting Instructions Requiring Appellant to Prove Negligence by a Preponderance of the Evidence After Peremptorily Instructing the Jury that the Appellee was Negligent as a Matter of Law?
Pilcher requested and was granted the following instructions:
You are instructed by the court that the charged [sic] laid by the Plaintiffs against the Defendant in this case is one of negligence. You may not presume that the Defendant was negligent. In other words, the Plaintiffs may recover on his charge of negligence against Defendant only if such charge is sustained by a preponderance, or greater weight, of the credible evidence, and it is not the duty of the Defendant to disprove the charge, but, rather, the law casts the burden of proof in respect thereto upon the Plaintiff; and such charge of negligence must be sustained by a preponderance of the credible evidence, and if the Plaintiffs have failed to make such proof against Defendant, then it is your sworn duty to return a verdict for the Defendant, David W. Pilcher. Emphasis supplied.
and
You are instructed by the court that in passing upon such questions as are submitted to you for your decision, the jury must not be swayed or influenced by the natural sympathy all men instinctively feel for one who has been injured. Sympathy should not enter into your verdict, for your verdict should be based solely on the evidence presented to you and the instructions of this court, and the burden of proof at all times rests upon plaintiffs to prove to you by a preponderance of the credible evidence that David W. Pilcher was guilty of negligence and, further, that such negligence, if any you find, was a proximate or contributing cause of the injury complained of, and, unless Plaintiff has so proven, then it is your sworn duty to return a verdict for the Defendant, David W. Pilcher. Emphasis supplied.
These instructions were granted notwithstanding the fact that the trial court had granted the Elams the following instruction on the issue of Pilcher’s negligence in this matter.
You are instructed by the court that under the law, the Defendant, David W. Pilcher, was negligent in the operation of the 1981 Oldsmobile and that such negligence was a proximate cause of proxi *817 mate contributing cause to the damages of the Plaintiff.
We find that these instructions placed before the jury directly conflicting statements of law. It is well settled that it is reversible error to give contradictory or conflicting jury instructions. In Griffin v. Fletcher, 362 So.2d 594 (Miss.1978), we said:
As stated, the trial court granted a peremptory instruction on liability to the appellant and, in additional instructions to the appellant and appellee, submitted the issue of liability to the jury. The effect of those instructions was to countermand the peremptory instruction and the jury was obviously confused. In this situation, we are of the opinion that the motion for a new trial should have been sustained and that the case should be reversed and remanded for a new trial on both issues of liability and damages.
Id. at 594. See also Kennedy v. State, 393 So.2d 480 (Miss.1981).
Having given a peremptory instruction on the issue of Pilcher’s negligence, we find the trial court committed reversible error in instructing the jury that the Elams were still required to prove Pilcher was negligent by a preponderance of the evidence.
CONCLUSION
This Court finds that the verdict was the result of an improperly instructed jury. The instructions granted were contradictory as well as confusing. Accordingly, the final judgment of the Circuit Court of the First Judicial District of Hinds County, Mississippi, dated June 20, 1986, is reversed and the case remanded for a new trial or other disposition not inconsistent with this opinion.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and ROBERTSON, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.
PRATHER, J., not participating.